# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA SADEGHI-LALABADI,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>SOCIAL SECURITY DISABILITY INSURANCE,<br><br>　　　　　　　Defendant. | CASE NO. 11CV2899-LAB (POR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

　　　　Plaintiff Fariba Sadeghi-Lalabadi brings this appeal from denial of social security benefits, and along with it filed a motion to proceed *in forma pauperis* (IFP) and for appointment of counsel.

　　　　The IFP motion is incomplete. Although it says Sadeghi-Lalabadi is earning $600 to $800 from employment, it does not name the employer or the pay period. It is therefore unclear whether these figures represent Sadeghi-Lalabadi's weekly, biweekly, or monthly wages, or wages for some other time period. The motion is therefore **DENIED WITHOUT PREJUDICE**.

　　　　Even if Sadeghi-Lalabadi files a new IFP motion, the Court would be required to screen the complaint and to dismiss it to the extent it is frivolous or malicious, fails to state

a claim, or seeks monetary relief from an immune defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because Sadeghi-Lalabadi is proceeding *pro se,* the Court construes his pleadings liberally, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but even a liberal construction does not supply elements Sadeghi-Lalabadi has not pleaded. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The body of the complaint consists of two sentences. In its entirety, it reads: "Disability insurance, they said I am not disable[d] because I am working. It is true that I am working but I have depression and working is hard for me."

Although it is clear Sadeghi-Lalabadi thinks the Commissioner of Social Security's determination of non-disability was wrong, it is unclear why. Merely saying "work is hard for me" does not explain why Sadeghi-Lalabadi is disabled, or what error if any the Commissioner made in determining Sadeghi-Lalabadi was not disabled. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that is missing here.

Furthermore, the fact that a claimant is working and receiving pay suggests he is not disabled. *See Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920) ("Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled.") *See also* 20 C.F.R. § 404.1574 (explaining how claimants are evaluated to determine if they are engaged in "substantial gainful activity"). While it is possible Sadeghi-Lalabadi earns too little for his employment to be considered "substantial gainful activity," or that depression is preventing Sadeghi-Lalabadi from working long enough or performing enough job functions to be considered employed. *See* 20 C.F.R. § 404.1574(c) (discussing unsuccessful work attempts).

Because the complaint fails to state a claim, it is **DISMISSED WITHOUT PREJUDICE**. The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AS MOOT**.

/ / /

/ / /

Sadeghi-Lalabadi may file an amended complaint no later than **Monday, January 16,**

**2012** that meets the requirements of Fed. R. Civ. P. 8.  Sadeghi-Lalabadi must also either pay the filing fee or submit a new, complete IFP application.  **If Sadeghi-Lalabadi fails to do both within the time permitted, this action will be dismissed without leave to amend.**

     **IT IS SO ORDERED**.

DATED: December 16, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge