# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA SADEGHI-LALABADI,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>SOCIAL SECURITY DISABILITY INSURANCE,<br><br>　　　　　　Defendant. | CASE NO. 11CV2899-LAB (POR)<br><br>**ORDER GRANTING RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

　　　Plaintiff Fariba Sadeghi-Lalabadi filed this appeal from denial of social security benefits, along with a motion to proceed *in forma pauperis* ("IFP"). Because the IFP motion was incomplete, the Court denied it on December 16, 2011 without prejudice. Sadeghi-Lalabadi has now filed a more complete IFP motion. Even though it is still not quite complete, it is clear Sadeghi-Lalabadi lacks the resources to pay the filing fee, and the motion is therefore **GRANTED**.

　　　Sadeghi-Lalabadi earlier filed a motion for appointment of counsel, which was denied as moot. The motion was also lacking in supporting information, and Sadeghi-Lalabadi did not renew it when filing the amended complaint.

　　　The Court is required to screen the complaint and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune

1  defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The
2  Court construes the pleadings of a *pro se* plaintiff, such as Sadeghi-Lalabadi, liberally, *see*
3  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but even a liberal construction does
4  not supply elements Sadeghi-Lalabadi has not pleaded. *See Ivey v. Board of Regents*, 673
5  F.2d 266, 268 (9th Cir. 1982).

6  The Court screened and dismissed the original complaint. The body of that complaint
7  consisted of two sentences. In its entirety, it read: "Disability insurance, they said I am not
8  disable[d] because I am working. It is true that I am working but I have depression and
9  working is hard for me." Although it was clear Sadeghi-Lalabadi thought the Commissioner
10 of Social Security's determination of non-disability was wrong, it was unclear why. The
11 Court therefore dismissed it without prejudice, and with leave to amend.

12 The screening order pointed out to Sadeghi-Lalabadi what was missing from the
13 complaint. Specifically, the Court noted, a complaint must contain "a short and plain
14 statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),
15 and this was missing from the original complaint. That order cautioned Sadeghi-Lalabadi
16 that the amended complaint had to meet the requirements of Fed. R. Civ. P. 8, and that if
17 it didn't, the entire action would be dismissed and Sadeghi-Lalabadi would have no further
18 opportunity to amend.

19 The screening order noted that the fact that a claimant is working and receiving pay
20 suggests she is not disabled. *See Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050,
21 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920) ("Is the claimant presently
22 engaged in substantial gainful activity? If so, the claimant is not disabled.") *See also* 20
23 C.F.R. § 404.1574 (explaining how claimants are evaluated to determine if they are engaged
24 in "substantial gainful activity"). The order, however, suggested that Sadeghi-Lalabadi might
25 still have a viable claim, despite being nominally employed, if her earnings were too small
26 for the work to be considered "substantial gainful activity," or if depression were preventing
27 Sadeghi-Lalabadi from working long enough or performing enough job functions to be
28 / / /

considered employed. *See* 20 C.F.R. § 404.1574(c) (discussing unsuccessful work attempts).

On January 17, 2012, Sadeghi-Lalabadi filed an amended complaint. Rather than correcting the deficiencies identified in the screening order, Sadeghi-Lalabadi included even less information. The body of the amended complaint, in its entirety, says: "I have disability. I have depression." For reasons set forth in the Court's order of December 16, this is inadequate and fails to state a claim or comply with Fed. R. Civ. P. 8.

The amended complaint is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: January 23, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge