1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11  FARIBA SADEGHI-LALABADI,                          CASE NO. 11CV2899-LAB (POR)

12                                    Plaintiff,      **ORDER GRANTING RENEWED
                                                      MOTION TO PROCEED *IN
13           vs.                                      FORMA PAUPERIS*; AND**

14                                                    **ORDER DISMISSING
    SOCIAL SECURITY DISABILITY                        COMPLAINT**
15  INSURANCE,

16                                   Defendant.

17

18          Plaintiff Fariba Sadeghi-Lalabadi filed this appeal from denial of social security

19  benefits, along with a motion to proceed *in forma pauperis* ("IFP").  Because the IFP motion

20  was incomplete, the Court denied it on December 16, 2011 without prejudice.  Sadeghi-

21  Lalabadi has now filed a more complete IFP motion. Even though it is still not quite

22  complete, it is clear Sadeghi-Lalabadi lacks the resources to pay the filing fee, and the

23  motion is therefore **GRANTED**.

24          Sadeghi-Lalabadi earlier filed a motion for appointment of counsel, which was denied

25  as moot.  The motion was also lacking in supporting information, and Sadeghi-Lalabadi did

26  not renew it when filing the amended complaint.

27          The Court is required to screen the complaint and to dismiss it to the extent it is

28  frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune

1    defendant.  See § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The

2    Court construes the pleadings of a *pro se* plaintiff, such as Sadeghi-Lalabadi,  liberally, *see*

3    *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), but even a liberal construction does

4    not supply elements Sadeghi-Lalabadi has not pleaded.  *See Ivey v. Board of Regents*, 673

5    F.2d 266, 268 (9th Cir. 1982).

6          The Court screened and dismissed the original complaint. The body of that complaint

7    consisted of two sentences.  In its entirety, it read: "Disability insurance, they said I am not

8    disable[d] because I am working.  It is true that I am working but I have depression and

9    working is hard for me."  Although it was clear Sadeghi-Lalabadi thought the Commissioner

10   of Social Security's determination of non-disability was wrong, it was unclear why.   The

11   Court therefore dismissed it without prejudice, and with leave to amend.

12         The screening order pointed out to Sadeghi-Lalabadi what was missing from the

13   complaint.  Specifically, the Court noted, a complaint must contain "a short and plain

14   statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

15   and this was missing from the original complaint.  That order cautioned Sadeghi-Lalabadi

16   that the amended complaint had to meet the requirements of Fed. R. Civ. P. 8, and that if

17   it didn't, the entire action would be dismissed and Sadeghi-Lalabadi would have no further

18   opportunity to amend.

19         The screening order noted that the fact that a claimant is working and receiving pay

20   suggests she is not disabled.  *See Stout v. Comm'r, Social Sec. Admin*., 454 F.3d 1050,

21   1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920) ("Is the claimant presently

22   engaged in substantial gainful activity?  If so, the claimant is not disabled.") *See also* 20

23   C.F.R. § 404.1574 (explaining how claimants are evaluated to determine if they are engaged

24   in "substantial gainful activity").  The order, however, suggested that Sadeghi-Lalabadi might

25   still have a viable claim, despite being nominally employed, if her earnings were too small

26   for the work to be considered "substantial gainful activity," or if depression were preventing

27   Sadeghi-Lalabadi from working long enough or performing enough job functions to be

28   / / /

1   considered employed.   *See* 20 C.F.R. § 404.1574(c) (discussing unsuccessful work
2   attempts).

3   On January 17, 2012, Sadeghi-Lalabadi filed an amended complaint.  Rather than
4   correcting the deficiencies identified in the screening order, Sadeghi-Lalabadi included even
5   less information. The body of the amended complaint, in its entirety, says: "I have disability.
6   I have depression."  For reasons set forth in the Court's order of December 16, this is
7   inadequate and fails to state a claim or comply with Fed. R. Civ. P. 8.

8   The amended complaint is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.

9
10   **IT IS SO ORDERED**.
11   DATED:  January 23, 2012

12
13   **HONORABLE LARRY ALAN BURNS**
     United States District Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -

11CV2899